# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### MARCH 1997 SESSION

FILED

May 1, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

RICKY W. MCELHANEY,            )
                              )     C.C.A. NO. 03C01-9603-CR-00097
          Appellant,          )
                              )     HAMILTON COUNTY
VS.                           )
                              )     HON. STEPHEN M. BEVIL,
STATE OF TENNESSEE,           )     JUDGE
                              )
          Appellee.           )     (Post-conviction)

FOR THE APPELLANT:                 FOR THE APPELLEE:

RICKY W. MCELHANEY, pro se         JOHN KNOX WALKUP
MCRCF                              Attorney General & Reporter
Wartburg TN   37887
                                   TIMOTHY F. BEHAN
                                   Asst. Attorney General
                                   450 James Robertson Pkwy.
                                   Nashville, TN  37243-0493

                                   WILLIAM H. COX III
                                   District Attorney General

OPINION FILED:_____

AFFIRMED

JOHN H. PEAY,
Judge

# O P I N I O N

On December 14, 1995, the petitioner filed his "Application for Post-Conviction Relief Amended Petition" in Hamilton County, Tennessee.[1] In this petition, he attacks a 1979 conviction rendered in Davidson County, Tennessee. The court below entered a preliminary order of dismissal on the grounds that the petition was filed in the wrong county. The petitioner appeals therefrom. We affirm the court below.

As correctly noted by the court below, petitions for post-conviction relief must be filed in the county in which the conviction occurred. T.C.A. § 40-30-204(a). The petitioner's petition was therefore properly dismissed summarily. This issue has no merit.

The judgment below is affirmed.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
PAUL G. SUMMERS, Judge

_____
CORNELIA A. CLARK, Special Judge

_____

[1]Apparently, the petitioner initially filed or attempted to file his petition in Davidson County. In response thereto, the Davidson County District Attorney General wrote a letter to the petitioner stating, "Enclosed please find the copy of your Petition for Post Conviction Relief. This matter should be filed with the Criminal Court Clerk of Hamilton County, Tennessee where your conviction originated." In filing his petition in Hamilton County, the petitioner was apparently following this legal advice given to him by the State, which the State now concedes was incorrect. We question the practice of the District Attorney General giving legal advice to his adversaries. Furthermore, it is the trial court's responsibility to determine whether post-conviction petitions are filed in accordance with statutory requirements. See T.C.A. § 40-30-206(a) and (b).